No. 157.—JOHN R. CARITHERS, plaintiff in error, *vs.* STINSON S. JARRELL, defendant in error.

[1.] That a partnership may happen to be in debt, does not give the right to one of the partners to prevent the other from taking possession of partnership property.

[2.] Although it is in general true, that the answer of one defendant is not evidence for another; yet, the answer of one defendant may contain an *admission* that will be evidence for another ; as, an admission that another defendant has paid the answering defendant a debt due from that other defendant and the plaintiff.

Motion for new trial, in Walton Superior Court. Decided by Judge JACKSON, at August Term, 1856.

This motion was based upon the following grounds:

1st. Because the Court erred in charging the Jury, " that where partners in a mill, *by the terms of the partnership*, were to divide the toll grain as it was received, that one of the partners could not stop the division of the toll for the purpose of raising a fund to pay a debt due by the partnership," there being no evidence to authorize such a charge.

2d. Because the Court erred in failing to charge, when requested, that where partners were in the habit of dividing the toll grain as received, that one partner had the right to withdraw his consent to such division, in order that the grain might accumulate to pay a debt due by the firm.

3d. Because the Court erred in failing to charge the Jury, when requested, that in settling the partnership accounts they should provide for the payment of any debt due by the firm to the miller for his wages.

4th. That the Court erred in charging the Jury that the answer of Delay, the miller, (who was made a party defendant,) as to the payment of his wages by the defendant, Carithers, was no evidence of such payment.

On the hearing, the motion was amended by adding—

5th. Because the verdict was against both defendants, and there was no evidence to support a verdict against the miller, Delay.

The Court below, in refusing the motion for a new trial, held that the allegation in the bill of complainant, that such were the terms of the partnership, and this allegation not being denied in the answer, it stating that "it was the habit of the partners to divide the toll grain," that there was no error in the Court in the charge given in the first ground taken.

As to the last ground, the Court held that the Counsel for complainant could avoid it, by amending the verdict, or writing off the judgment against him.

This decision, refusing the new trial, is assigned as error.

T. R. R. COBB, for plaintiff.

COBB & HULL, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

As to the first ground:

There *was* sufficient evidence to authorize the charge.

There was evidence that it was the *practice* of the partners to divide between them the toll grain as it was received.

The practice of doing a thing by persons, is *some* evidence that they do the thing by agreement.   If not, the whole doctrine of *usage* is without foundation.

As to second ground :

That a partnership may happen to be in debt, does not give the right to one of the partners to prevent the other from taking possession of the partnership property.   Partnership property belongs to the partners, and one partner has not more control over it than another.

Admitting, then, that one of these partners had the right to withdraw his consent to the division of the toll, what would the withdrawal of the consent have amounted to?   The other had still as much right to take possession of the toll as he had.

As to the third ground:

There was not any evidence to support the request referred to in this ground.   The answer of Carithers shows that *he* had satisfied the miller.   If so, the firm owed the miller nothing.

As to the fourth ground :

The answer of the miller, Delay, contained an *admission* that Carithers had satisfied him, and that he no longer looked to the firm for his pay.

[2.] This admission was evidence in favor of Carithers, against Jarrell.   It is what would be sufficient to protect Jarrell in any suit that might be brought against him, or him and his partner, Carithers, by the miller for his wages.   At least, it is what would be evidence for Jarrell in such a suit.

To the extent, then, of this admission of the miller, we think that the miller's answer was evidence for Carithers on the point, whether he had settled with the miller.

And as in this particular we differ with the Court below, we are compelled to grant a new trial.

As to the fifth and last ground, the Court below was obviously right.